IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUDY HUDGENS,                    §
                                 §
            Plaintiff,           §
                                 §
VS.                              §   CIVIL ACTION H-11-2716
                                 §
ALLSTATE TEXAS LLOYD'S,          §
                                 §
            Defendant.           §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause,
removed from County Court at Law No. 2, Montgomery County, Texas
and alleging breach of contract (Texas Homeowners' Insurance Policy
issued by Defendant Allstate Texas Lloyd("Allstate"), No.
986051107[1]) arising from non-payment or partial payment of
insurance benefits for damage to Plaintiff's home[2] caused by
Hurricane Ike, fraud, unfair settlement practices under and
noncompliance with the prompt payment provision of the Texas
Insurance Code, and breach of duty of good faith and fair dealing,
are Allstate's unanswered motion for partial dismissal of

---

[1] A copy of the policy is attached as Exhibit B to #11.

[2] The insured property is located at 1314 Winchester Drive,
Conroe, Texas 77385 in Montgomery County.

Plaintiff's First Amended Complaint[3] (instrument #9) and motion for summary judgment (#11).

### Standards of Review

As the Court indicated in its previous opinion and order (#7), Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127

---

[3] The Court previously granted Allstate's motion for partial dismissal of Plaintiff Judy Hudgens' Original Petition, which was filed in state court prior to the removal of this case on diversity jurisdiction, and it granted leave for Plaintiff to amend. Opinion and Order, instrument #7. Although represented by counsel, Plaintiff had also failed to respond to that first motion for partial dismissal. Plaintiff's First Amended Complaint (#8; also attached as Exhibit 1 to #9) is now the governing pleading.

S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief

that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

-4-

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The court may also take notice of matters of public record when considering a Rule 12(b)(6) motion. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and

an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co. "Berry I")*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001). The same is true of claims for negligent misrepresentation where the factual allegations underlying it and a fraud claim are the same. *Benchmark Elecs. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003)("Although Rule 9(b) by its terms does not apply to negligent

misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. . . . That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts."), *citing Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Berry v. Indianapolis Life Ins. Co. ("Berry II"),* No. 3:08-CV-0248-B, 2010 WL 3422873, *16 (N.D. Tex. Aug. 26, 2010), *citing Benchmark* and *Biliouris v. Sundance Res., Inc.,* 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008)(dismissing negligent misrepresentation claim based on the same operative facts as an insufficient fraud claim).

While a failure to state a claim is usually challenged by a motion for dismissal under Rule 12(b)(6), it may also constitute the basis for a summary judgment under Rule 56 because "the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact." *Whalen v. Carter*, 954 F.2d 1087, 1098 (5th Cir. 1992).  In such circumstances, the motion for summary judgment challenging the sufficiency of the complaint will be "evaluated much the same as a 12(b)(6) motion to dismiss." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993).  A motion for summary judgment should be granted if, accepting all well-plead facts as true and viewing them in the light most favorable to the plaintiff, the plaintiff's complaint nonetheless fails to state a claim.  *Id.*

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if

it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993).   Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).   Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007). Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

Nor are pleadings competent summary judgment evidence. *Little,* 37 F.3d at 1075; *Wallace v. Texas Tech. U.*, 80 F.3d 1042, 1045 (5th Cir. 1996); *Adams Family Trust v. John Hancock Life Ins. Co.*, 424 Fed. Appx. 377, 81 & n.11 (5th Cir. May 11, 2011).

### Allstate's Motion for Partial Dismissal (#9)

In its motion for partial dismissal, Allstate concedes that Plaintiff has stated a claim for breach of contract, but argues that Plaintiff fails to allege facts to support her claims for fraud, breach of duty of good faith and fair dealing, and

violations of the Texas Insurance Code. Instead she merely paraphrases the statutory language and recites the elements of her tort causes of action and conclusorily states that Allstate is liable for these claims. For example, for her claim of unfair settlement practices, she fails to explain what Allstate should have done to conduct a "reasonable investigation" or allege facts showing how Allstate's evaluation was "unfair and deceptive." She vaguely identifies as the sole "misrepresentation" by Allstate, constituting an "unfair method of competition and an unfair deceptive act or practice in the business of insurance under § 541.060(a)(1) of the Texas Insurance Code, that Plaintiff "'had to' accept the settlement check . . . in order to pursue additional damages under her Policy." #8, ¶2.5 She fails to identify specifically who made the "misrepresentation" or when or how she relied on it. Nor does she allege facts showing a fraudulent misrepresentation.

Allstate contends that none of Plaintiff's conclusory allegations are entitled to a presumption of truth. While she claims that "Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance [*sic*]" under §

541.060(a)(2)(A) of the Texas Insurance Code. #8, ¶28. Her claims for common law fraud are merely conclusions, "naked assertions devoid of further factual enhancement."

A breach of contract does not, by itself, constitute an unfair or deceptive trade practice under Texas law. *Crawford v. Ace Sign, Inc.*, 917 S.W. 2d 12, 14 (Tex. 19996)(discussing the Texas Deceptive Trade practices Act ("DTPA"); *Bailey v. State Farm Lloyds*, No. Civ. A. H-00-3638, 2001 WL 34106907, *6 (S.D. Tex. Apr. 12, 2001)("Because the Texas Insurance Code and the DTPA are largely codifications of extant common law requirements, mere breach of an insurance contract does not automatically create liability under the Code or the DTPA. Under Texas law, extra-contractual tort claims brought under the Texas Insurance Code and the DTPA require the same predicate for recovery as a common law claim for bad faith. Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them. [citations omitted]").[4]

Not only does Plaintiff fail to provide factual support for her claims in violation of Rule 8, but her claims for fraud and fraudulent conduct under Texas common law and under the unfair

---

[4] The DTPA and Texas Insurance Code provisions involved here, which both grant relief for unfair or deceptive acts or practices in the business of insurance, are "analogous" and inform each other's interpretation. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W. 2d 507, 518 (Tex. 1998).

settlement practices provisions of the Texas Insurance Code fail to satisfy Rule 9(b)'s elevated pleading standard.

Allstate does not go into detail about Plaintiff's claim of breach of good faith and fair dealing other than to state that no factual allegations support it.  The Court finds additional explanation is required to warrant its dismissal.  While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

"A cause of action for breach of duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or the delay." *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W. 2d 165, 167 (Tex. 1987).  That duty does not arise from the provisions of the insurance contract, but is an obligation imposed by law as the result of a special relationship between the insurer and the insured, and it is thus

separate from a claim for breach of the underlying insurance contract. *Viles v. Security Nat'l Ins. Co.*, 788 S.W. 2d 566, 567 (Tex. 1990). Breach of the duty of good faith and fair dealing is breached only when the breach of contract is accompanied by an independent tort. *Transp. Ins. Co. v. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994). *See also Travelers Personal Sec. Ins. Co. V. McClelland*, 189 S.W. 3d 846, 852 (Tex. Civ. App.--Houston [1st Dist.] 2006, no pet.)(opining that under Sections 541.060(a)(2) and 541.060(a)(7) of the Texas Insurance Code, an "insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered" and that "an insurer cannot shield itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denying a claim."); *Lundstrom v. United Serv. Auto. Ass'n-CIC*, 192 S.W. 3d 78, 96 (Tex. App.--Houston [14th Dist.] 2006, pet. denied)("The common law duty of good faith and fair dealing is breached when an insurer denies or delays payment of a claim after its liability has become reasonably clear."). [5] An insurer may also

---

[5]     The standards for liability under Sections 541.060(a)(2)(failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear) and 541.060(a)(7)(refusing to pay a claim without conducting a reasonable investigation) are similar to those of a common law claim for breach of an insurer's duty of good faith and fair dealing and are often examined together. *United Servs. Auto Ass'n v. Croft*, 175 S.W. 3d 457, 471-72 (Tex. Civ. App.--Dallas 2005, no

be liable for damages for breach of its duty of good faith and fair dealing when the insurer fails to attempt to effectuate a settlement where its liability has become reasonably clear or where it fails to reasonably investigate a claim in order to determine whether its liability is reasonably clear. *Universe Life Ins. V. Giles*, 950 S.W. 2d 48, 50-51, 55, 56 n.5 (Tex. 1997)("[A]n insurer will be liable if the insurer knew or should have known that it was reasonably clear the [insured's] claim was covered."). As noted, an insurer also breaches its duty of good faith and fair dealing when "the insurer has no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact." *Arnold*, 950 S.W. 2d at 56, *citing Aranda v. Ins. Co. of North America,* 748 S.W. 2d 210, 213 (Tex. 1988).[6] Whether there is a reasonable basis for denying a claim must be evaluated by the facts before the insurer at the time it denied the claim. *Viles*, 788 S.W. 2d at 567. "[W]hether an insurer acted in bad faith

---

pet.).

[6] At the same time, an insurer does not act in bad faith where a reasonable investigation shows the claim is questionable, and an insurer maintains the right to deny such a claim without being subject to liability for an erroneous denial of the claim. *United Services Auto Ass'n v. Croft*, 175 S.W. 3d 457, 471 (Tex. App.-- Dallas 2005). A bona fide dispute about the insurer's liability on the insurance contract does not rise to the level of bad faith. *Transp. Ins. Co. V. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994). If a claim is not covered by the contract and the insurer has not otherwise breached the contract, the insurer is not liable for breach of bad faith and fair dealing where it denies the claim. *Lundstrom*, 193 S.W. 3d at 96.

because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder." *Giles*, 950 S.W. 2d at 56.   "It is an 'objective determination' involving whether 'a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits.'   So long as a reasonable basis for denial of the claim exists the insurer will not be subject to liability for an erroneous denial of a claim." *Thompson v. Zurich American Ins. Co.*, No. A-09-CA-493-SS, 2010 WL 3784204, *4 (W.D. Tex. Sept. 21, 2010), *citing Republic Ins. Co. V. Stoker*, 903 S.W. 2d 338, 340 (Tex. 1995).

This Court finds that Plaintiff fails to meet the pleading standards of Rule 12(b)(6) for a common law breach of duty of good faith and fair dealing.[7]   For example, she does not provide any facts that show that Allstate's liability was reasonably clear, that her claims were covered under particular provisions of the policy, what Allstate knew at the time it denied her claims, any proposed settlement within the policy limits that Allstate failed to effectuate, why and how Allstate's payments were unreasonably delayed, or where its investigation was not reasonable.   *See, e.g., Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 355-56 (5th Cir.

---

[7] The standard for common law breach of the duty of good faith and fair dealing is the same as that for the statutory claim. *Progressive County Mutual Insurance Co. v. Boyd*, 177 S.W. 3d 919, 922 (Tex. 2005).   Thus because she has provided no facts to support her statutory claims, it is logical that she also fails on the common law claim.

2010)(under similar Louisiana law, dismissing breach of duty of good faith and fair dealing claim because the allegations "are nothing more than labels and conclusions and a recitation of the language of the statutes.").

After reviewing the First Amended Complaint, this Court agrees with Allstate that dismissal of Plaintiff's claims of common law fraud, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code is warranted as Plaintiff has already had "two bites of the apple" in filing two pleadings.

**Allstate's Motion for Summary Judgment (#11)**

Allstate explains that on or about September 17, 2008 Plaintiff submitted a claim (no. 0118922376, Ex. A to #11) for damages to her home allegedly caused by Hurricane Ike. Her Homeowner's Policy contained an appraisal provision,[8] which

---

[8] Although Allstate cites and quotes a provision in its motion which differs from that included in the policy submitted to the Court (#11 at p.4, ¶ 4.8, Ex. 2, Section I-Conditions, 7., the Court cites the relevant part of the one in the copy of the policy attached as Ex. 2, i.e., Section I-Conditions, 8.:

> 8.  Appraisal
>     If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal.  Upon such demand, each party must select a competent and impartial appraiser and notify th other of the appraiser's identity within 20 days after the demand is received.  The appraisers will select a competent and impartial umpire.  If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an

Plaintiff voluntarily invoked on or about February 17, 2009 by making a written appraisal demand on Allstate for her claim. Exs. A, B. and C[9] to #11. Plaintiff and Allstate each appointed an appraiser. On April 20, 2009, a binding appraisal award issued on that claim . Exs. A and D to #11. Plaintiff's appraiser and Allstate's appraiser signed the final, binding appraisal award. Ex. D to #11. Supported by an estimate from West Fire Construction, the appraisal award set out the actual case value of the claim as $12,250.26, "subject to policy provisions and deductible, less any previous payments per this claim, with policy coverage to be addressed by others." *Id.* Allstate paid Plaintiff $6,363.01 in benefits on the claim, and this amount has been applied to the total award amount. Exs. A and E to #11. Plaintiff's deductible under the policy is $3,222.32, which was also applied to the total award amount. Exs. A and B to #11.

---

umpire.

The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.

[9] Although in her response Plaintiff conclusorily claims that Allstate invoked the appraisal process, Exhibit C, which is uncontroverted by competent evidence, demonstrates that Hudgens did.

Allstate reviewed the appraisal award, West Fire Construction's estimate, and the policy provisions and paid Plaintiff an additional $2,964.93 in final satisfaction of the award, subtracting Plaintiff's deductible and amounts previously paid.[10] Exs. A and E to #11.  Plaintiff accepted that payment.  Exs. A and E to #11.

Allstate argues that Plaintiff cannot recover on her remaining contractual cause of action because it involves the same loss on which the binding appraisal award issued and upon which Plaintiff has been paid.  A completed appraisal, pursuant to an appraisal provision in an insurance policy, once the insurer has paid and the insured has accepted the payment of the amount of the appraisal award, estops the insured from maintaining a breach of contract claim against the insurer unless the insured proves that the award was unauthorized or the result of fraud, accident or mistake. *Breshears v. State Farm Lloyds*, 155 S.W. 3d 340, 344 (Tex. App.-- Corpus Christi 2004, pet. denied); *Blum's Furniture Co. v. Certain Underwriters at Lloyd's London*, No. 11-20221, 2012 WL 181413, *2 (5th Cir. Jan. 24, 2012).

The Texas Supreme Court has long recognized the validity of appraisal provisions like the one in Plaintiff's policy. *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1988);

---

[10] Allstate concedes that it over paid Hudgens $300 on her claim.

*State Farm Lloyds v. Johnson*, 290 S.W. 3d 886 (Tex. 2009). Appraisal awards in Texas are binding and enforceable, and courts indulge every reasonable presumption to sustain them. *In re Allstate County Mut. Ins. Co.*, 85 S.W. 3d 193, 195 (Tex. 2002).

Because Plaintiff accepted the appraisal award payment and because Allstate fully complied with the policy, Allstate insists that Plaintiff is estopped from asserting a breach of contract claim and Allstate is entitled to summary judgment on Plaintiff's breach of contract claims as a matter of law. *Blum's Furniture*, 2012 WL 181413, *1; *Breshears*, 155 S.W. 3d at 344.[11]

### Plaintiff's Response (#12)

Hudgens claims that she has pleaded that the appraisal award was offered and accepted as a result of fraud, mistake and/or duress. She has alleged that Allstate told her that she had to accept the appraisal award, which was approximately 90% below the cost of actual damages to her home, and had to take Allstate's check for $9,627.94 (approximately 10% of the total property loss) as a prerequisite to claiming property damages or to ultimately sue Allstate. She further emphasizes that Allstate has not taken her deposition or conducted additional discovery that would flesh out

---

[11] Allstate notes that an insured may not prevail on a bad faith *clam* without first showing that the insurer breached the contract. *Liberty Nat'l Fire Ins. Co. v. Akin*, S.W. 2d 627, 629 (Tex. 1996). The fact that Plaintiff is estopped from asserting a breach of contract claim against Allstate further supports dismissal of the bad faith claim.

this claim.  Furthermore she incorporates by reference the entirety of her Original Petition.[12]   Insisting that a genuine issue of material fact exists as to whether the appraisal award was offered and accepted as a result of fraud, accident or mistake and that under the summary judgment standard all reasonable presumptions must be made in her favor, she argues that Allstate's motion for summary judgment should be denied.

### Allstate's Reply (#13)

Not only do allegations not constitute proof and pleadings not constitute summary judgment evidence under Rule 25(c)(1)(A), but Allstate charges that Plaintiff's First Amended Complaint does not assert that the appraisal award was unauthorized or the result of fraud, accident or mistake.   The Court agrees; nor does her Original Petition.   Moreover it is not Allstate's burden to take Plaintiff's deposition to prove her claim; in response to Allstate's motion for summary judgment Hudgens bears the burden to prove that the appraisal award was unauthorized or the result of fraud, accident or mistake.   She has failed to do so.

The Court agrees with Allstate that Plaintiff has failed to produce any evidence showing the grounds required to set aside the appraisal award.   Allstate has provided uncontroverted evidence that Plaintiff voluntarily initiated the appraisal process, which

---

[12]  The Court would point out that this is no longer the controlling pleading and, as indicated earlier, pleadings are not competent summary judgment evidence.

was specified in the policy as the remedy for disagreement over the amount of Plaintiff's loss, that the appraisers appointed by each side agreed on the amount of the loss, that Plaintiff's appraiser signed off on that agreement, and that Plaintiff accepted the amount owed to her by Allstate according to the award after appropriate offsets. Her current conclusory claim, without admissible evidentiary support that she did not voluntarily participate in the appraisal process, is therefore irrelevant.

Accordingly, for the reasons indicated above, the Court

ORDERS that Allstate's motion for partial dismissal for failure to state claims for common law fraud, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code is GRANTED. The Court further

ORDERS that Allstate's motion for summary judgment on Plaintiff's breach of contract claim is GRANTED. A final judgment will issue by separate order.

**SIGNED** at Houston, Texas, this __13th__ day of __July__, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE